IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES LEMLEY and TAMMY LEMLEY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 08-0738-KD-B |
| | ) | |
| **MIDWEST AUTOMATION, INC., et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on the plaintiffs' motion to remand (doc. 32) and the responses thereto. Oral argument was held on **April 28, 2009**. Upon consideration the motion to remand is **DENIED**.

A defendant may remove to federal court a civil case filed in state court if the plaintiff originally could have brought the case in federal court. 28 U.S.C. § 1441(a).  However, remand back to state court is appropriate when there is a procedural defect in the removal process and that defect is challenged within the first 30 days after removal. 28 U.S.C. § 1447(c); *see also Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001).  Removal statutes must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).  Also, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp.* at 1050 citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).  The defendant bears the burden of demonstrating that removal was proper. *See Adventure Outdoors, Inc. v.*

*Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) ("A removing defendant bears the burden of proving proper federal jurisdiction."). In *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1215 (11th Cir. 2007), the Court further instructed that when considering a motion to remand filed within thirty days of removal, the propriety of removal must be assessed solely on the removal documents. With these principles in mind the court considers the plaintiffs' motion.

Plaintiffs first argue that this case is due to be remanded because the December 29, 2008 removal by Robert Bosch Tool Corporation violates the "forum defendant" rule. Specifically, the plaintiffs rely on 28 U.S.C. §1441(b) which provides that "[a]ny other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Plaintiff points to the fact that Alabama defendant Wellborn Cabinet, Inc. was also served on December 29, 2008, and argues that there is substantial doubt as to whether the Alabama defendant was served after the removal of the case.

Defendants respond with reliable evidence that establishes that the removal occurred on December 29, 2008 at 11:22 a.m. (CMECF docket entry) and that service was perfected on Wellborn Cabinet, Inc. on December 29, 2008 at 11:23 a.m. (Postal Service receipt).[1] Although only by a minute, the uncontroverted evidence is that Wellborn was not served prior to removal.[2]

---

[1] In light of *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), it is not clear whether the court should consider post-removal evidence offered by the defendants to show that removal was proper. However, plaintiffs fail to argue that consideration of post-removal evidence is improper. Moreover, the court notes that the removal documents do not contradict the assertion that a forum defendant had not been served prior to removal.

[2] The court declines plaintiffs' invitation to assume the role of Congress and modify the statute to give plaintiffs a "reasonable opportunity" to serve forum defendants before a non-forum defendant can remove the case.

Plaintiffs next argue that the forum defendant rule requires this court to remand because removal was not effective by the time forum defendant Wellborn Cabinets was served. Plaintiffs' theory is that the removal process is not complete, i.e effective, until unanimous consent of all defendants is secured, and that because Wellborn was served before completion of removal, removal had not occurred for purposes of the forum defendant rule.

Defendant Bosch Tool responds with a chart showing the dates of service on each defendant and the date of consent to removal by each defendant. (Doc. 89, Exhibit C). Bosch Tool argues that removal was proper because pursuant to *Bailey v. Janssen Pharmaceutica, Inc.,* 536 F.3d 1202,1209 (11th Cir. 2008), each defendant has thirty days from service to consent and that thus far all served defendants have complied with the rule.

In *Bailey,* the Court held that the thirty day period set out in 28 U.S.C. 1446(b) "permits each defendant, upon formal service of process, thirty days to file a notice of removal." *Id.* at 1209. Contrary to defendants' argument, *Bailey* does not address the issue before the court. *Bailey* addressed the issue regarding whether a later served defendant may file a notice of removal and how long it has to do so. The issue in this case is whether the unanimous consent must be secured before a forum defendant is served in order to avoid the forum defendant rule.

The unanimity rule "requires that the later-served defendant receive the consent of <u>all</u> then-served defendants <u>at the time</u> he files his notice of removal." *Bailey* at 1207 (emphasis added); *Jasper v. Wal-Mart Stores, Inc.*, 732 F.Supp. 104, 105 (M.D. Fla. 1990) (Removal was improper where defendant that was served two days prior to filing of removal petition did not join in the removal petition.); *Fuller v. Exxon Corp.*, 78 F.Supp.2d 1289, 1293-94 (S.D. Ala. 1999). In this case, according to Bosch Tool's chart, eight defendants were served prior to

Bosch Tool's removal. None of these then-served defendants joined in the removal petition. Accordingly the removal was procedurally defective under the unanimity rule. However, plaintiffs have unambiguously waived this procedural defect by stating in their reply brief that "[p]laintiffs concede that if no forum defendant had been joined and served in this case, then the failure to secure unanimous consent at the time Bosch Tool filed its original Notice of Removal would not of itself require remand."

Instead, plaintiffs set forth a more unique theory, i.e. the forum defendant rule requires that unanimous consent be secured by the removing party before a forum defendant is served in order to avoid the forum defendant roadblock to a federal forum. This theory is not supported by the plain language of 28 U.S.C. §1441(b) or any cited authority. Thus, because the plaintiffs' procedural defect objection is grounded in an untenable interpretation of the forum defendant rule it must fail. Accordingly, the motion to remand is DENIED.

**DONE** and **ORDERED** this the 30th day of April, 2009.

   s / Kristi K DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**