IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES LEMLEY and TAMMY LEMLEY, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 08-0738-KD-B |
| ) | |
| MIDWEST AUTOMATION, INC., et al, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This matter is before the Court on its *sua sponte* review of the record and the applicable law. See Rossi v. Pocono Point, LLC, 2009 WL 435064 (M.D.Fla. 2009) (addressing choice of law question *sua sponte*). This court, sitting in diversity, must apply the choice of law provisions of the State of Alabama as the forum state. See Klaxon Co. v. Stentor Elc. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020 (1941). To begin that analysis, the court should first identify the claims brought by the plaintiffs and whether the claims are brought in tort, contract, etc., and once that is done, the court must then identify the applicable choice of law rule of the State of Alabama. See Acme Circus Operating Co., Inc. v. Kuperstock, 711 F. 2d 1538, 1540 (11th Cir. 1983).

It appears that plaintiffs bring only tort claims in their first amended complaint. In Alabama, "[l]ex loci delicti has been the rule [] for almost 100 years. Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred." Fitts v. Minnesota Min. & Mfg. Co., 581 So.2d 819, 820 (Ala. 1991). In that regard, plaintiffs allege that James Lemley worked for Kitchen and Bath Center (the Center) in Fort Walton Beach, Florida from about 1990 through 2007, as a technician

and installer and that the Center fabricates and installs kitchens and baths in Alabama and Florida. Plaintiffs also allege that during the course of James' employment he was routinely exposed to wood dust by way of tools, equipment, machinery, and wood products used by the Center during wood working which caused his sino-nasal cancer. Plaintiffs allege that they were continuously married and were residents of Florida during the relevant time period.

However, defendant Black and Decker (US) Inc., noted in its brief in support of its motion to dismiss, that the issue of when or where the "injury occurred" such that the court may determine the site of the injury is not settled under Alabama law. (See doc. 26, n. 4). Defendant Black and Decker compared <u>Garrett v. Raytheon, Co.</u>, 368 So. 2d 516 (Ala. 1979) with <u>Griffin v. Unocal Corp</u>, 990 So. 2d 291 (Ala. 2008) which overruled <u>Garrett</u>. Although arising in the context of a statute of limitations issue as to whether Griffin's claim accrued at the date of last exposure to a hazardous chemical or at the date the injury became manifest, the Alabama Supreme Court relied upon Justice Harwood's dissent in <u>Cline v. Ashland, Inc.</u>, 970 So. 2d 755, 773 (Ala. 2007) ("a cause of action accrues only when there has occurred a manifest, present injury") and held that a personal injury action based on exposure to hazardous chemicals accrues, <u>i.e.</u> the injury occurs, when the injury manifests and does not occur on the date of last exposure as decided in <u>Garrett</u>.

In the present case the court is concerned with "where" the injury occurred, <u>i.e.</u>, where the last exposure occurred or where the manifestation of the injury occurred. In their response to Black and Decker's motion and brief, plaintiffs assert that this court should apply Florida substantive law "[b]ecause James Lemley is a Florida resident, his cancer arose in Florida, and his exposure to wood dust at issue here overwhelmingly occurred at his Florida workplace."

(doc. 153, p.2).  Plaintiffs point out that while they alleged that the cabinets were installed in Florida and Alabama, they "have not specifically alleged that any of Mr. Lemley's wood dust exposures occurred in Alabama." (doc. 153, p. 3).

Interpreting and applying the choice of law provisions of the forum state Alabama to the first amended complaint, it appears that the substantive law of the State of Florida should apply on basis that plaintiffs have alleged that James Lemley's sino-nasal cancer first manifested, i.e. his injury occurred, at his residence in Florida since Lemley has plead that he resided in the State of Florida.  **Any objection to this preliminary determination should be filed on or before June 11, 2009 and any response to the objection should be filed on or before June 18, 2009.**

**DONE** and **ORDERED** this 29th day of May, 2009.

 s / Kristi K DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**